IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| In Re: | : | |
| --- | --- | --- |
|    Brian Anderson | : | Chapter 13 |
| | : | Case No. 22-11907-MDC |
|    Debtor(s) | : | |

**ORDER DISMISSING CHAPTER 13 AND SETTING DEADLINE FOR APPLICATIONS FOR ALLOWANCE OF ADMINISTRATIVE EXPENSES**

**AND NOW**, upon consideration of the Motion to Dismiss Case filed by Kenneth E. West, Standing Trustee (the "Trustee"), and after notice and hearing, it is hereby **ORDERED** that:

1.    This chapter 13 bankruptcy case is **DISMISSED**.

2.    Counsel for the Debtor(s) shall file a master mailing list with the Clerk of the Bankruptcy Court if such has not been previously filed.

3.    Any wage orders previously entered are **VACATED**.

4.    Pursuant to 11 U.S.C. §349(b)(3), the undistributed chapter 13 plan payments in the possession of the Trustee shall not revest in the entity in which such property was vested immediately before the commencement of the case.  All other property of the estate shall revest pursuant to 11 U.S.C. §349(b)(3).

5.    All applications for allowance of administrative expenses (including applications for allowance of professional fees) shall be filed within twenty (20) days of the entry of this Order.

6.    Counsel for the Debtor(s) shall serve this Order by first class mail, postage prepaid, on all interested parties within five (5) days of the entry of this Order.  Within thirty (30) days after the entry of this Order, counsel shall file (1) a Certification of Service confirming such service, and (2) a Certification of No Response confirming that neither an objection to the

proposed compensation nor an application for administrative expense has been filed, or if such application has been filed, set a hearing on all such applications.

      7.      If no Certification, as required above in Paragraph 6 has been entered on the docket within sixty (60) days of the entry of this Order, then the Standing Trustee shall, if any applications for administrative expenses other than Debtor(s)' Counsels have been filed, set a hearing thereon or, if no such applications have been filed, be authorized to return such funds to Debtor(s) pursuant to 11 U.S.C. '1326(a)(2).

Dated:                                                                           _____
                                                                               HONORABLE MAGDELINE D. COLEMAN
                                                                               CHIEF UNITED STATES BANKRUPTCY JUDGE